[No. 10057.   Department One.   March 28, 1912.]

C. R. HADLEY, *as Receiver etc., Appellant,* v. BANK OF ELLENSBURG, *Respondent.*[1]

CORPORATIONS—INSOLVENCY—PREFERENCE—EVIDENCE—SUFFICIENCY. Findings that a corporation, which was adjudged insolvent about a year after giving a mortgage for $8,375, to secure an antecedent debt to a local bank, was not insolvent at that time, and that the mortgage was not an unlawful preference, are sustained where it appears that it was engaged in the retail meat business, that its total liabilities at that time did not exceed $15,000 and its assets were valued by various witnesses at from $15,000 to $22,000, none of its creditors had manifested an intent to enforce collections by legal proceedings, it was paying its obligations in due course, and did about $22,000 worth of business before it was closed up, and the mortgage covered only about one-half in value of its entire property.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered April 22, 1911, upon findings in favor of the defendant, dismissing on the merits an action to set aside a conveyance as fraudulent as to creditors. Affirmed.

*Hovey & Hale,* for appellant.

*Pruyn & Hoeffler,* for respondent.

[1]Reported in 122 Pac. 321.

PARKER, J.—This is an action to set aside a mortgage and the foreclosure thereof, upon the ground that it was executed by the Ellensburg Meat Company to the Bank of Ellensburg to secure an antecedent debt due from the meat company to the bank at a time when the meat company was insolvent. From a judgment upon the merits denying the relief prayed for, the plaintiff has appealed. The only question presented, is, was the meat company insolvent at the time it executed the mortgage, and did an unlawful preference in favor of the bank as a creditor result therefrom?

For some years prior to July, 1910, the meat company was engaged in the retail meat business in the city of Ellensburg, and also maintained a slaughterhouse in connection therewith on land owned by it near the city. On August 31, 1909, the meat company was indebted to the bank in the sum of $8,375. On that day, to secure this indebtedness, the meat company executed to the bank the mortgage here involved, upon the land and slaughterhouse situated thereon. On July 16, 1910, the meat company was adjudged insolvent, and appellant was appointed receiver to take charge of its affairs, by the superior court for Kittitas county. Shortly before the appointment of appellant as receiver, the bank foreclosed its mortgage. The evidence is not entirely free from conflict touching the business and financial condition of the meat company at the time of the execution of the mortgage; but we think it warranted the trial court in believing the following facts established thereby. The meat company then had a total indebtedness of not over $15,000. At that time it had property, which, according to the values testified to by various witnesses, was worth from $15,000 to $22,000. While some of its creditors were urging payment of their claims, none of them were then manifesting any disposition to enforce collection by legal proceedings. At that time it had a well established business and a fair prospect of future success. It was then able to pay its obligations in the due course of business, and so continued for at least a

considerable time thereafter. It is true that one of its debts was then in the form of a judgment amounting to $1,365, but the enforcement of it was delayed by agreement with the judgment creditor, and a considerable sum thereafter paid upon the judgment. This judgment never was enforced by execution. During the period of about ten months intervening between the execution of the mortgage to the bank and the appointment of appellant as receiver, cash was received in the business amounting to about $22,000. This represents approximately the amount of sales made during that period; the total amount of the book accounts not having materially changed. Of the indebtedness which existed at the time of giving the mortgage, there remained unpaid at the time of the appointment of appellant as receiver, only $2,600. Other debts had been incurred during that period. The property covered by the mortgage, constituted about one-half, or possibly a little more, in value, of the entire property of the meat company and was its only real property. This being real property, it was of course burdened by the lien of the judgment, which lessened its value to that extent, as security to the bank.

The evidence of the condition of the meat company's affairs at the time it was adjudged insolvent, it is true, indicates that it had been in failing circumstances for some time previous thereto; but we do not think that the condition of the company's affairs shown to exist at that time were such as required the trial court to find that it was insolvent at the time of the execution of the mortgage to the bank some ten months previous, in view of the evidences showing its actual condition at that time.

We do not feel warranted in disturbing the disposition of the cause made by the trial court. The judgment is affirmed.

DUNBAR, C. J., CROW, CHADWICK, and GOSE, JJ., concur.